UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OLLIE G. WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-2254 |
| | ) | |
| CAPTAIN RAYMOND LEWELLYN and LT. BARETT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

JAMES E. SHADID, U.S. District Judge.

Plaintiff proceeds pro se from his detention in the Vermilion County Jail. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that for over six months he was kept in segregation in the Vermilion County Jail for purportedly violating jail rules, but he allegedly received no written notice of the charge against him, no hearing, no opportunity to call witnesses in his defense, and no written statement of reasons for the disciplinary decision. Plaintiff alleges that his segregation was in retaliation for associating with other inmates with whom the guards were upset. While being escorted to segregation, Plaintiff's arm was allegedly injured by police officers who twisted Plaintiff's arm and then denied Plaintiff's requests for medical care.

Plaintiff also alleges that the law library at the Jail is inadequate and that his property has either been stolen or gone missing.

## ANALYSIS

Short periods of segregation or segregation for legitimate reasons—such as lack of space or safety concerns—do not offend a pretrial detainee's constitutional rights. Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). However, "a pretrial detainee cannot be placed in segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." Id. At this point, Plaintiff states a plausible procedural due process claim arising from his placement in segregation.

Plaintiff's other allegations are too vague and conclusory to state a constitutional claim. Plaintiff alleges excessive force but he does not say whether either Defendant was involved in the alleged excessive force, what the force was (other than twisting his arm), and whether he was compliant. He says his request for medical care was denied, but he does not say what his injury was, what medical treatment he needed, or who denied the request.

Plaintiff also alleges an inadequate library, but that alone does not violate the Constitution. Plaintiff does not say whether or how he was denied access the courts or whether and how that denial

prejudiced his ability to pursue a nonfrivolous claim.  In re Maxy, 674 F.3d 658, 660 (7th Cir. 2012)( to state an access claim, a prisoner "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim.")  If Plaintiff is being represented by counsel in Plaintiff's criminal proceedings, that representation satisfies Plaintiff's constitutional right to access the court.  U.S. v. Sykes, 614 F.3d 303, 311 (7th Cir. 2010).

   Lastly, Plaintiff's allegation that his property was stolen does not state a constitutional claim because he has adequate state court remedies available.  See Tucker v. Williams, 682 F.3d 654 (7th Cir. 2012)(state tort claims such as claims for conversion or replevin are adequate remedies for wrongful confiscation of backhoe by state investigator).

**IT IS THEREFORE ORDERED:**

   1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a Fourteenth Amendment procedural due process claim arising from his placement in segregation.   This case proceeds solely on the claim identified in this paragraph.   Any additional claims shall not be

included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Plaintiff's allegations regarding the lack of a law library, the twisting of his arm, the lack of medical attention after the twisting of his arm, and his stolen property are dismissed, without prejudice, for failure to state a claim.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    5)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

    10)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    11)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

    12)   **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

    13)   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:   11/02/2015

FOR THE COURT:

                              **s/James E. Shadid**
                              JAMES E. SHADID
                 UNITED STATES DISTRICT JUDGE